[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12138
Non-Argument Calendar

_____

D. C. Docket No. 04-00297-CR-T-23-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO HERRERA-OBANDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 23, 2005)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Alberto Herrera-Obando appeals his 108-month sentence imposed

for conspiracy to possess with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, 46 App. U.S.C. §§ 1903(a), (j), and possession with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, 46 App. U.S.C. § 1903(a). He argues that the district court imposed an unreasonable sentence. In support, he argues that (1) he is a very poor Colombian national; (2) he has no prior criminal history; (3) he committed a nonviolent offense out of financial necessity in order to provide medical care for his son and mother-in-law; and (4) he was fully cooperative with the government. Moreover, he argues that there is no evidence that the go-fast vessel he was traveling on was heading to the United States or that the offense was in any way related to the United States, and the large quantity of drugs involved did not warrant a larger penalty then would be appropriate if a smaller amount of drugs had been involved. He also argues that this Court should adopt the approach of the Second Circuit and find that the Federal Sentencing Guidelines are not *per se* reasonable, and any district court's conclusion that a sentence within the advisory Guidelines range is reasonable violates the Sixth Amendment. Lastly, he argues that a sentence of less than 108 months would adequately reflect the seriousness of the drug offense, deter a first time offender from committing future crimes, protect the American public,

2

and afford him ample time for rehabilitation.

In *Booker*, the Supreme Court explained that, "[w]ithout the 'mandatory' provision, the [Sentencing Reform] Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals." *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738, 764, 160 L. Ed. 2d 621 (2005). Post-*Booker*, sentences are still reviewed for reasonableness. *Booker*, 543 U.S. at ___, 125 S. Ct. at 765-66; *see also United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005) (noting that "*Booker* established a 'reasonableness' standard for the sentence finally imposed on a defendant").

In determining whether a sentence is reasonable, the court should be guided by the factors in 18 U.S.C. § 3553(a). *Booker*, 125 S. Ct. at 765-66; *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005). "These factors include the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care." *Winingear*, 422 F.3d at 1246 (citing 18 U.S.C. § 3553(a)). Another factor listed in § 3553(a) is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). Although

the court must be guided by these factors, we have held that "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, No. 05-11843, ___ F.3d ___ (11th Cir. Sept. 27, 2005).

In *Winingear*, we recently conducted a review of an appellant's sentence for reasonableness. *Winingear*, 422 F.3d at 1246. In addition to discussing the nature and circumstances of the offense and the appellant's criminal history, we specifically noted that the sentence imposed was "one-tenth the length of the twenty-year statutory maximum sentence," and held that the sentence was reasonable. *Id*. In *Scott*, we upheld an appellant's sentence as reasonable, noting that the district court calculated the correct guidelines range, treated the Guidelines as advisory, considered the § 3553 factors, and imposed a sentence at the low end of the Guidelines range. *Scott*, No. 05-11843, ___ F.3d ___.

We are persuaded that the reasonableness of Herrera-Obando's 108-month sentence is shown by the facts that the district court calculated the Guidelines range correctly, departed from the Guidelines range, treated the Guidelines range as advisory only, expressly stated that it had considered the factors in 18 U.S.C. § 3553(a), and the sentence imposed was relatively minimal in comparison to the

statutory maximum life sentence.  Accordingly, we affirm Herrera-Obando's sentence.

**AFFIRMED.**